**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 2, 2015

LETTER TO COUNSEL

RE: *Terri Miller v. Commissioner, Social Security Administration*;
Civil No. SAG-14-2063

Dear Counsel:

On June 26, 2014, Plaintiff Terri Miller petitioned this Court to review the Social Security Administration's final decision to deny her application for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the decision of the Commissioner in part, and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 205(g). This letter explains my rationale.

Ms. Miller filed an application for Disability Insurance Benefits ("DIB") on June 24, 2010. (Tr. 66, 167-70). She alleged a disability onset date of June 24, 2010. (Tr. 167). Her claim was denied initially and on reconsideration. (Tr. 78-81, 83-85). A hearing was held on November 1, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 34-65). Following the hearing, the ALJ determined that Ms. Miller was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 18-33). The Appeals Council denied Ms. Miller's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Miller suffered from the severe impairments of diabetes mellitus and hypertension. (Tr. 23). Despite these impairments, the ALJ determined that Ms. Miller retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except that as a result of her physical impairments and related symptomatology, she is limited to work requiring no more than occasional stooping, squatting, crawling and kneeling. Additionally, due to the effects of pain and fatigue, she is limited to unskilled entry positions involving little decision making, but can understand, remember and carry out simple instructions.

*Terri Miller v. Commissioner, Social Security Administration*
Civil No. SAG-14-2063
April 2, 2015
Page 2

(Tr. 24-25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Miller could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 28).

Ms. Miller raises two arguments on appeal: (1) that the ALJ did not adequately develop the administrative record, such that the record was insufficient for the ALJ to have made a decision, and (2) that the ALJ's RFC assessment is not supported by substantial evidence in light of the additional medical records incorporated into the record by the Appeals Council. After considering the record as a whole, I am unable to determine that the ALJ's decision is supported by substantial evidence. Accordingly, remand is appropriate.

In determining whether the Commissioner's decision was supported by substantial evidence, this Court reviews the entire record, including any additional evidence incorporated into the record by the Appeals Council ("AC"). *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011). In this case, the AC received, and incorporated into the record, medical records dated March 29, 2009, to November 2, 2012, from various treating sources. (Tr. 6-7, 593-753). The AC stated that it reviewed the additional evidence Ms. Miller submitted, but that it found that the additional evidence did "not provide a basis for changing the [ALJ's] decision." (Tr. 2). Ms. Miller argues, however, that the additional evidence she submitted to the AC undermines the ALJ's decision, and that the ALJ's decision is thus not supported by substantial evidence. Pl. Mem. 6-12. The ALJ's credibility evaluation repeatedly emphasized Ms. Miller's failure to seek treatment during the period of time and the lack of objective evidence substantiating her subjective complaints regarding her visual and manipulative limitations. (Tr. 26). She argues that the additional evidence both substantiates her complaints and undermines the ALJ's statements regarding her failure to seek treatment. The Commissioner concedes that some of the additional evidence "might undermine specific statements made by the ALJ," but argues that the ALJ's additional rationale nevertheless constitutes substantial evidence in support of the ALJ's determination. Def. Mem. 17. For example, the ALJ noted that Ms. Miller's reported activities of daily living, including occasionally driving a car and buttoning buttons, are inconsistent with her complaints of visual and manipulative limitations, respectively. (Tr. 26). Although I agree that the ALJ's credibility evaluation and corresponding RFC assessment do not rest entirely upon Ms. Miller's failure to pursue treatment and the lack of evidence corroborating her complaints, I cannot conclude, based solely on the ALJ's statements about Ms. Miller's activities of daily living, that the ALJ's determination rests upon substantial evidence. The AC did not articulate the rationale underlying its determination that the additional evidence did "not provide a basis for changing the ALJ's decision," and I thus must remand the case for additional proceedings at which the ALJ should assess Ms. Miller's application in light of the additional evidence. In so holding, however, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Miller was not entitled to benefits was correct or incorrect.

Ms. Miller also argues that the ALJ failed to fulfill his duty to develop the record by failing to obtain the additional treatment records she thereafter submitted to the AC. Pl. Mem. 4-6. The additional evidence is now part of the record, however, and because I am remanding the

*Terri Miller v. Commissioner, Social Security Administration*
Civil No. SAG-14-2063
April 2, 2015
Page 3

case with instructions for the ALJ to consider Ms. Miller's claims in light of that additional evidence, I need not determine whether the ALJ erred by failing to obtain it.

For the reasons set forth herein, Ms. Miller's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge